FILED
 2021 Oct-06 PM 03:21
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| ERIC JAMAR INGRAM BEY, Trustee of the Eric Jamar Ingram Bey Living Trust, Aborigine Moor in Equity National and Citizen of Moorish National Republic of Peace, *ex rel* Eric Jamar Ingram, <br><br> Plaintiff <br><br> vs. <br><br> DEVAN FRANKS, et al., <br><br> Defendants | Case No. 3:21-cv-01230-LCB |

## MEMORANDUM OPINION

Eric Ingram Jamar Bey, proceeding pro se, filed a Complaint against Devan Franks, a Muscle Shoals, Alabama, police officer; Bill Marthaler, Muscle Shoals Municipal Court Judge; Mitch Hayes, who likely served as the City Prosecutor;[1] and the Municipality of Muscle Shoals. (Doc. 1).

Invoking the Peace and Friendship Treaty Between Empire of Morocco and United States, Bey seeks declaratory and injunctive relief invalidating a citation Franks issued him, and Marthaler upheld, for an improper vehicle tag. Bey claims

---

[1] Bey lists Hayes as a Defendant in the heading of his Complaint, but the Complaint does not otherwise mention Hayes by name. Even so, the court can reasonably conclude that Hayes served as the City Prosecutor, as the court's research reveals Hayes is an attorney practicing in Tuscumbia, Alabama, and the Complaint mentions a Prosecutor. (See Doc. 1, ¶ 20).

he does not need to register his vehicle with the State of Alabama, as he already registered it with the Moorish National Republic of Peace.  As he purports to be a Moorish National and has attempted to renounce his United States citizenship, he asserts the City of Muscle Shoals and its officials did not possess jurisdiction to issue the citation.

Bey also filed an Application for Leave Without Prepaying Fees and Costs. (Doc. 2).  The court **GRANTS** Plaintiff's Application.  However, for the reasons set out herein, the court **DISMISSES** this action **WITH PREJUDICE** for failing to state a claim on which relief can be granted.

Title 28 U.S.C. § 1915 provides, in relevant part:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> \* \* \* \* \*
> (B) the action or appeal--
> (i) is frivolous or malicious; [or]
> (ii) fails to state a claim on which relief may be granted; .
. . .

In conducting its review of Plaintiff's complaint, the court is mindful that complaints by *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys and subject to liberal construction.  *Boxer X v. Harris*, 437 F. 3d 1107, 1110 (11th Cir. 2006).  However, the court "may not serve as de facto

counsel for a party . . . or rewrite an otherwise deficient pleading in order to sustain an action." *Ausar-El ex rel. Small, Jr. v. BAC (Bank of America) Home Loans Servicing LP*, 448 F. App'x 1, 2 (11th Cir. 2011) (internal quotations and citations omitted).

The Treaty with Morocco does not provide Bey with a basis for relief. That treaty

> "is one of the Barbary Treaties (executed, during 1795-1836 between the United States and semi-autonomous North African city-states of Algiers, Tunis, and Tripoli, and the Sultanate of Morocco). Over the centuries past, these treaties went through numerous superceding reconfirmations and full or partial terminations." *El Ameen Bey v. Stumpf,* 825 F. Supp. 2d 537, 558 (D.N.J. 2011). The Treaty was "executed in response to the ill of piracy rampant during 15th to 18th centuries in the coastal waters and ports of the [*sic*] North Africa and the high 'protection fees' charged by North African rulers for maintaining peace in their coastal waters and ports." *Murakush Caliphate of Amexem Inc. v. New Jersey*, 790 F. Supp.2d 241, 260 n.16 (D.N.J. 2011) (holding that reliance on the Treaty with Morocco for the purposes of a civil suit raising claims based on the events that occurred within United States' geographical territory is facially frivolous). "[A] litigant's reliance on any Barbary Treaty, including on the Treaty with Morocco, for the purposes of a civil suit raising claims based on the events that occurred within what is the United States' geographical territory is facially frivolous, and that includes any claims related to real estate property located within the United States, collection of mortgage payments, foreclosure or eviction proceedings, etc." *El Ameen Bey*, 825 F. Supp. 2d at 558 (citation omitted); *see also Ali v. Scotia Grp. Mgmt. LLC*, No. CV-18-00124-TUC-JGZ, 2018 WL 3729742, at *4 (D. Ariz. Aug. 6, 2018) (no "federal question" jurisdiction for claim brought by "Moorish American" under Treaty with Morocco); *Wiley v. South Carolina*, No. 6:18-CV-0694-BHH-KFM, 2018 WL 1998994, at *2 (D.S.C. Mar. 26, 2018) (same), *report and recommendation adopted*,

No. 6:18-CV-00694-AMQ, 2018 WL 1994250 (D.S.C. Apr. 27, 2018); *El-Bey v. Mount Pleasant*, No. 2:16-CV-3864-RMG-MGB, 2016 WL 8674642, at *6 (D.S.C. Dec. 16, 2016) (same), *report and recommendation adopted*, No. 2:16-CV-3864-RMG, 2017 WL 66324 (D.S.C. Jan. 6, 2017).

*Knight v. Chatelain*, No. 8:19CV206, 2019 WL 2464789, at *5 (D. Neb. June 13, 2019), *aff'd,* 798 F. App'x 971 (8th Cir. 2020).

In addition, the Eleventh Circuit has held in an unpublished opinion that an individual's declaration of Moorish National Citizenship does not deprive a municipality of the right to issue citations regarding property within the municipality's boundaries. *Bey v. City of Tampa Code Enf't*, 607 F. App'x 892, 897 (11th Cir. 2015) ("Washington's complaint established that she is the owner of . . . property . . .within the City of Tampa. Thus, as a matter of law, the special magistrate had jurisdiction to adjudicate any code violations on Washington's property and assess fines against her if the violations were not corrected. To the extent Washington contends that she is not subject to the City of Tampa's code or the jurisdiction of the special magistrate because she is a Moorish National, she does not cite any case from this Court, the United States Supreme Court, or the Florida courts supporting her argument, and we could find none. Washington's reliance upon the 1787 Treaty of Peace and Friendship between the United States and the country of Morocco and the Free Moorish Zodiac Constitution is unavailing."); *see*

4

*also Real Party of Int. People of Moorish Nat'l Republic of Peace ex rel. Gadson v. State of Fla. Inc.*, No. 3:21-CV-232-TJC-JBT, 2021 WL 2903326, at *1 (M.D. Fla. May 17, 2021), *report and recommendation adopted*, No. 3:21-CV-232-TJC-JBT, 2021 WL 2895644 (M.D. Fla. July 9, 2021) (quoting *Smith ex rel. Bey v. Kelly*, Case No. 12-cv-2319 JS AKT, 2012 WL 1898944, at *2 (E.D. N.Y. May 24, 2012)) ("'[T]he law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside.'").

Because Plaintiff has asserted no viable basis for relief, the court will **DISMISS** this action **WITH PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B). The court will enter a separate Final Judgment.

**DONE** and **ORDERED** October 6, 2021.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE